GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
(646) 964-9640
Jason L. Solotaroff
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HECTOR RIVERA-COLON
Plaintiff,

-against-

**COMPLAINT**

**JURY TRIAL DEMANDED**

J. WILD BEVERAGE CORP. and ROBERT ELISEO

Defendants.

----------------------------------------------------------------X

Plaintiff Hector Rivera-Colon, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendants J. Wild Beverage Corp and Robert Eliseo alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for failure to pay minimum wage and overtime and retaliation in violation of the Federal Labor Standards Act ("FLSA") and the New York Labor Law and its regulations, against J. Wild Beverage Corp. ("J. Wild") and Robert Eliseo, by Plaintiff Hector Rivera-Colon, a former J. Wild employee.

2. J. Wild failed to pay Mr. Rivera-Colon the New York State minimum wage, failed to pay and time and a half overtime compensation for the hours he worked that exceeded 40 hours per week, and terminated his employment when he complained about not being paid lawfully.

3. J. Wild also failed to provide him with the wage statements required by New York Labor Law §195(3).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the claims made pursuant to the FLSA pursuant to 29 U.S.C. §216.

5. This Court has jurisdiction over the claims made pursuant to the NYLL pursuant to 28 U.S.C. §1367.

6. Venue is properly before this Court pursuant to 28 U.S.C. § 1391(b) as Defendants reside in this District.

7. This Court has personal jurisdiction over Defendant J. Wild because it is established under the laws of New York State and operates its business in New York State.

8. This Court has personal jurisdiction over Defendant Robert Eliseo because he owns and operates a New York-based business.

**THE PARTIES**

9. Plaintiff Hector Rivera-Colon is a resident of Queens, New York.

10. Defendant J. Wild Beverage Corp., upon information, a corporation registered to do business in the state of New York, with a principal place of business located at 650 Brush Ave Bronx, New York 10465. At all relevant times herein, Defendant J. Wild met the definition of an "employer" under all relevant statutes.

11. Defendant Robert Eliseo is the owner and president of J. Wild Beverage Corp and all relevant times herein, met the definition of an "employer" under all relevant statutes.

**THE FACTS**

12. J. Wild Beverage Corp. is a beverage distributor for Pepsi-Cola. Robert Eliseo is the owner and president of J. Wild.

13. Mr. Rivera-Colon was hired at J. Wild approximately 18 years ago. His duties included loading trucks at the Pepsi-Cola plant and assisting with deliveries throughout the company's Hunts Point route in the Bronx.

14. Mr. Rivera-Colon's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants and did not involve executive responsibilities or the exercise of independent judgment about matters of business significance.

15. At all relevant times herein, Mr. Rivera-Colon was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

16. Mr. Rivera-Colon worked from 5:00 a.m. to 6:00 a.m. until 3:00 p.m. to 5:00 p.m. On a weekly basis, Mr. Rivera Colon worked anywhere from 45 to 60 hours a week.

17. Mr. Rivera-Colon was not given a meal break or not any paid time off. He was compensated $350 per week, regardless of the hours he worked. Based on the hours worked, Mr. Rivera-Colon earned less than the federal minimum hourly wage of $7.25 and the New York State minimum hourly wage which is currently $15.00.

18. Mr. Rivera-Colon was not provided with any wage statements and was paid in cash.

19. On or around August 22, 2020, Mr. Rivera-Colon asked Robert Eliseo to be paid lawfully. Shortly thereafter, Mr. Rivera-Colon was terminated through a phone call by Mr. Eliseo's secretary, Luciana Nunez.

**FIRST CLAIM FOR RELIEF**
(Failure to pay minimum wage in violation of FLSA)

20. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

21. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

22. At all times relevant to this action, Plaintiff was engaged in commerce and/or Defendants was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

23. Defendants willfully failed to pay Plaintiff a minimum hourly wage of at least $7.25 for each hour worked in violation of the Fair Labor Standards Act.

24. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wage compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(Failure to pay minimum wage in violation of FLSA)

25. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

26. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

27. At all times relevant to this action, Plaintiff was engaged in commerce and/or Defendant J. Wild was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

28. Defendants willfully failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

29. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELEIF**
(Failure to Pay Minimum Wage in Violation of New York Labor Law)

30. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

31. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2, 190, and 651.

32. Defendants willfully violated the rights of Plaintiff by failing to pay the minimum wage for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

33. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wage compensation, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1), and the New York State Department of Labor regulations.

**FOURTH CLAIM FOR RELIEF**
(Failure to Pay Overtime in Violation of the New York Labor Law)

34. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

35. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2, 190, and 651.

36. Defendants willfully violated the rights of Plaintiff by failing to pay his overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

37. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, his unpaid wages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1), and the New York State Department of Labor regulations.

**FIFTH CLAIM FOR RELIEF**
(Retaliation in Violation of FLSA against all Defendants)

38. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

39. Defendants retaliated against Plaintiff in violation of FLSA by discharging Plaintiff because Plaintiff complained to Defendants about Defendants' failure to pay Plaintiff overtime compensation.

**SIXTH CLAIM FOR RELIEF**
(Retaliation in Violation of NYLL against all Defendants)

40. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

41. Defendants retaliated against Plaintiff in violation of the New York Labor Law by discharging Plaintiff because Plaintiff complained to Defendants about Defendants' failure to pay Plaintiff overtime compensation.

**SEVENTH CAUSE OF ACTION**
(Failure to Provide Wage Statements in Violation of New York Labor Law §§ 195(3), 198(1-D).

42. Plaintiff alleges and incorporates by reference the foregoing allegations.

43. At all times relevant to this action, Plaintiff was employed by J. Wild within the meaning of New York Labor Law §§ 2, 190 and 651.

44. J. Wild willfully violated the rights of Plaintiff by failing to provide him with wage statements that included include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

45. Due to J. Wild's New York Labor Law violations, Plaintiff is entitled to recover two hundred fifty dollars for each workday that the violations occurred to a total of five thousand dollars.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants:

A. Awarding Plaintiff lost wages and compensatory damages including damages for emotional distress;
B. Awarding Plaintiff unpaid minimum wages;
C. Awarding Plaintiff unpaid overtime wages;
D. Awarding Plaintiff liquidated damages under the FLSA;
E. Awarding Plaintiff liquidated damages under the NYLL;
F. Awarding Plaintiff punitive damages;
G. Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

Dated: New York, New York
February 25, 2020

GISKAN, SOLOTAROFF & ANDERSON LLP

/s/

By: Jason L. Solotaroff
jsolotaroff@gslawny.com
(646)964-9640
90 Broad Street, 10th Floor
New York, New York 10004
*Attorney for Plaintiff*